UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOARD OF MANAGERS OF THE 866 THIRD
AVENUE CONDOMINIUM,

        Plaintiff,

    -v-

THE CINCINNATI INSURANCE COMPANY and
CINCINNATI FINANCIAL CORPORATION,

        Defendants.

25-cv-7810 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is the motion of defendants The Cincinnati Insurance Company ("Cincinnati") and Cincinnati Financial Corporation for summary judgment against plaintiff Board of Managers of the 866 Third Avenue Condominium (the "Condominium"). ECF No. 9. The motion was fully briefed on April 1, 2026, see ECF Nos. 10-11, and the Court held oral argument on May 8, 2026.

After carefully considering the parties' submissions and the arguments of counsel, the Court hereby grants defendants' motion in part and denies it in part.

First, Cincinnati is entitled to partial summary judgment on the Condominium's claim against it for breach of contract. Specifically, because the Condominium's governing documents allocate to the "Hotel Unit," not the Condominium, responsibility for maintenance and repair of the "Common Freight Elevator," Cincinnati is not liable to the Condominium for any unpaid claims arising from the maintenance and repair of that elevator.

1

Second, the Condominium is entitled to partial summary judgment, but only as to liability, on the balance of its claim against Cincinnati for breach of contract. As Cincinnati does not dispute, "a court may grant summary judgment in favor of a non-moving party even without a formal cross motion if," as is the case here, "no genuine issue of material fact is in dispute; the non-moving party is entitled to judgment as a matter of law; and the moving party has had an adequate opportunity to come forward with all of its evidence." N.Y. Marine & Gen. Ins. Co. v. Travelers Prop. Cas. Co. of Am., 632 F. Supp. 3d 303, 304 n.1 (S.D.N.Y. 2022) (cleaned up).

Third, neither party is entitled to summary judgment as to the quantum of damages that Cincinnati owes to the Condominium with respect to the Condominium's claim for breach of contract. The Condominium asserts that Cincinnati has issued payments totaling $324,778.98, whereas Cincinnati asserts that it has issued total net payments in the amount of $362,681.19. Compare ECF No. 9-1 ¶ 23 (Cincinnati's calculation) with ECF No. 10-2 ¶ 23 (Condominium's calculation). Moreover, neither party has quantified the total amount of outstanding payments as to which the Condominium has claimed that it is entitled.

Accordingly, and in light of the Court's rulings with respect to liability, the parties are hereby ordered to meet and confer as to the quantum of damages that Cincinnati owes the Condominium. No later than May 26, 2026, the parties are hereby ordered either to inform the Court of any agreement that they have reached with respect to the quantum of damages or, in the case of disagreement, to submit

2

simultaneous, single-spaced letter-briefs not to exceed three pages setting forth their respective positions.

Fourth, Cincinnati is entitled to summary judgment on the Condominium's claim against it for breach of the implied covenant of good faith and fair dealing.

Fifth, and finally, Cincinnati Financial Corporation is entitled to summary judgment on both of the Condominium's claims against it.

An Opinion setting forth the reasons for these decisions and resolving any disagreements between the parties with respect to the quantum of damages will issue after May 26, 2026.

In the meantime, the Clerk of Court is respectfully directed to close the motion at docket entry 9.

SO ORDERED.

New York, NY
May 12, 2026

JED S. RAKOFF, U.S.D.J.

3